PER CURIAM:
*160 Claimant corporation brought this action to recover damages to its 1975 International truck which occurred on March 26, 1991, on County Route 21, a State maintained road in Route 21 in Roane County. Claimant corporation used the truck for hauling logs. Claimant alleges that County Route 21 was not maintained in good repair and respondent did not place warning sings for the traveling public that slip area was present.
Respondent contends that there was a slip area under repair at the scene of the accident. Respondent did place hazard paddles and there was sufficient warning to the traveling public as to the condition of the road. Respondent further contends that the driver of the claimant’s truck drove the vehicle in the move. According to the respondent, County Route 21 is a tar and chip one-lane back road.
The driver of the claimant’s truck, Paul Conley, testified that he was hauling logs from Vineyard Ridge to Ripley, West Virginia. This was the first load of logs that he had driven on this route as the logging operation in this area was just beginning. As he proceeded on County Route 21, he drove up a grade to the slip which was to the left. He stated that he “held hard to the right, right at the ditch line, and when the front end went across it was all right, and then when my rear end come up, when it went down in there, it just sunk out of sight.” The left rear wheel fell into the slip. He further stated that he checked this area of County Route 21 by driving across and “[I]t looked solid.” There was rock and stone placed in the slip area. He further testified that he had probably seen this area of the slip when he had driven there in an automobile two or three months prior to this accident. He described County Route 21 as a one-lane road with the slip on the left and the ditch on the right. It was necessary to drive between the area of the ditch and the slip.
Donald L. Barnhouse, an employee of the claimant, performed mechanic work on equipment and was riding in a logging truck behind Paul Conley on the day of the accident. He came upon the accident within a matter of a few minutes after it happened, he had loaded the truck, which is the subject matter of this claim, with logs. There was approximately 1,200 to 1,250 board foot of oak logs being hauled by the truck which weighed between 20,000 and 22,000 pounds. This particular truck was licensed for 26,000 pounds. He later inspected the truck to determined the damages. The fame of the truck was twisted and was beyond repair. The left front axle and spindle on the left front axle was bent, and the transmission was damaged. The motor of this vehicle had just been rebuilt. The rear-end housing had to be replaced at a cost of $700.00. The repair to the front axle and steering section cost approximately $375.00. The cost of all of labor on his part and his assistant. There were many hours of labor on his part and his assistant. He estimated 350 hours of labor for repairing the truck including repairs to the frame which was not done.
Robin Lynn Walker, owner of the claimant corporation, testified that as a result of the accident claimant lost the use of the logging truck for eight days. She calculated the loss to
the corporation based upon the average gross load at $489.00 per load. The loss of use of this particular truck resulted inf the loss of 5.7 loads for a total loss in the amount of $2,787.30.
*161 The supervisor in charge of Roane County headquarters responsible for the maintenance of highways in Roane County, Clarence Boggs, testified that he was aware of the accident that had occurred on Route 21 at the slip area. There were hazard paddle signs at the edge of the slip. However, he was not aware of any soft holes or soft places on the road on the date of this accident. School buses and other traffic traversed the area and did not have problems. This slip had existed since February 22, 1991, and respondent maintained the area by placing stone in the slip.
An employee of the respondent in Roane County, Franklin D. Smith, lived on Vineyard Ridge near the scene of the accident and he drove by the slip every day. He would inform respondent when the slip “got bad” in order for respondent to place rock int the slip and use the grader on it. He explained that the slip occurred when the roadway fell over the hillside. It was his opinion that after respondent placed rock in the slip and tar and chipped over it that “it was always solid enough for the traffic to get over it. ”
It is apparent to the Court that this particular slip on County Route 21 had been a problem area for respondent for at least six years. Maintenance efforts included filling the slip with rock and placing a tar and chip surface over the rock to form the travel portion of the road. Edward N. Keffer, area supervisor for maintenance in Roane County, stated that slips occur as a result of water under the road and the road when breaks off and slips over the mountain. This particular slip could not be repaired on a permanent basis due to a lack of funds. The slip are had been tarred and chipped during the summer of 1990, and respondent had not experienced any problems with the slip since that summer.
The Court is well aware that slip areas occur on the mountainous roads in West Virginia. Respondent has a duty to the traveling public to maintain such areas to the best of their ability. Respondent maintained this particular slip on County Route 21 in the same manner as any other slip area. The road surface appeared to be stable even to the claimant’s own driver.
Unfortunately, neither respondent nor claimant could be forewarned that a soft spot in the road would be present on the date of this accident. Accordingly, the Court has determined that respondent was not negligent in the maintenance of this slip area.
For these reasons, the Court is of the opinion to and does deny this claim.
Claim disallowed.